IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICTORIA SELECT INSURANCE COMPANY,** | : | No. 3:06cv1938 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| **DELIA R. ESGRO, Individually and as Administratrix of the Estate of Francis D. Esgro, Jr., NICHOLAS ANDREW ESGRO, ANTHONY FRANCIS ESGRO, ANTHONY JOSEPH ESGRO, and MICHELE ESGRO,** | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the court for review is defendant's motion to dismiss plaintiff's declaratory judgment action (Doc. 8). The matter has been fully briefed and is ripe for disposition.

**Background**

Plaintiff filed the instant action for declaratory judgment in this court on September 29, 2006. (Doc. 1). The instant action arises out of a claim brought in the Court of Common Pleas of Lackawanna County, Pennsylvania. (See Esgro v. Esgro, et al., No. 2006-cv-2549 (Lackawanna Ct. of Comm. Pleas, Oct. 6, 2006), attached as Exhibit A to Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss (Doc. 17)). That case arises from a fatal one-car motor vehicle accident that

took place on September 24, 2005.  According to the complaint, Francis Esgro and the defendants in the state court suit were driving from Pennsylvania to Virginia to pick up a Peterbilt Truck purchased by defendant Nicholas Esgro.  The driver of the car, Anthony Esgro, fell asleep, causing the Toyota 4-Runner he was driving to flip over.  The resulting accident caused the death of Franics Esgro.  Delia Esgro subsequently sued Nicholas Esgro, Francis Esgro, and others present in the car for wrongful death, a survival action, negligence, vicarious liability negligent entrustment, negligent supervision and loss of consortium.

      The plaintiff in the instant declaratory judgment action, Victoria Select Insurance Company (hereinafter "Victoria Select"), insured defendant Nicholas through a business insurance policy valid from September 23, 2005 until September 23, 2006.  Victoria Select maintains that this policy covered the Peterbilt truck that the decedent and defendants in the state court action were traveling to Virginia to pick up at the time of the accident.  This truck, the insurance company insists, had not yet been purchased by Nicholas Esgro at the time of the accident, and thus the insurance coverage did not apply.  The terms of the insurance policy, Victoria Select argues, also exclude coverage for the Toyota 4-Runner that flipped over and led to Francis Esgro's death.  Victoria Select also contends that defendants Anthony Francis Esgro, Anthony Joseph Esgro and Michele Esgro were not covered by the policy at the time of the accident.  The action filed in this court seeks a declaratory judgment that Victoria Select has no duty to provide indemnity coverage to the

defendants in the state court action, and that the company has no duty to defend against that action.

On December 1, 2006, defendants in the instant action filed an answer. (Doc. 9). Defendants contend that the Toyota 4 Runner was covered by the Victoria Select Insurance Company policy in question and deny, without specific proof, that defendants had not yet purchased the Peterbilt truck when the accident occurred.[1] That same day, defendants filed a motion to dismiss the complaint, along with a brief in support of that motion. (Doc. 8). On December 22, 2006, plaintiff filed a brief in opposition to defendants' motion (Doc. 17), bringing the case to its present posture.

**Jurisdiction**

The complaint asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332, since the plaintiff is a Delaware Corporation with its principal place of business in Cleveland, Ohio, and defendants are Pennsylvania corporations with their principal place of business in the Commonwealth of Pennsylvania. The insurance policy in question has liability limits of up to $500,000, and therefore the amount in controversy exceeds $75,000. We also have subject matter jurisdiction under 28 U.S.C. § 1331 because the case arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

**Discussion**

---

[1] Co-defendants filed their answers and briefs in support of their motion to dismiss. As these filings are virtually identical, we will treat them as one. (<u>See</u>. Docs. 10, 15, 16).

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). The United States Supreme Court has declared that "[d]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). The Third Circuit Court of Appeals has concluded that a court's decision whether to exercise its discretion to hear an action under the Declaratory Judgment Act "requires some inquiry into the scope of the state court proceeding, the nature of defenses available there, and whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding." Sate Auto Ins. Co. v. Summy, 234 F.3d 131, 133 (3d Cir. 2001). Further, "[a] federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." Id. at 135. These considerations are especially important because "district courts should give serious consideration to the fact that they do not establish state law, but are limited to predicting it." Id.

The question here is therefore whether we should exercise our discretion to decline to hear a declaratory judgment action when a related state court matter has

been filed. Defendant avers that no questions of federal law are present in the declaratory judgment action, and that any decision here would be duplicative and a waste of judicial resources. Plaintiff argues that we should hear the case because Victoria Select is not a party to the state action, meaning that its rights would not be addressed in that action. In addition, plaintiff contends that the state court action concerns liability for Francis Esgro's death, not insurance coverage. Accordingly, nothing in the federal declaratory action will interfere with any issue to be determined by state court.

We agree with the defendant.[2] Any judgement we issue in this case would turn on contract interpretation under state law, and would depend largely on applying well-settled principles of Pennsylvania law to the factual occurrences that gave rise to the state-court suit. Plaintiff does not ask us to resolve questions of federal statutory or constitutional law which we might be particularly qualified to answer. In short, plaintiff seeks to have this court issue a judgment, based on state law, that will allow the insurance company to avoid any potential obligations in the state suit. A state court can as easily answer these questions as we can, and there is no need to resort to a federal forum to do so. See Summy, 234 F.3d at 136 (finding that "the desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum").

---

[2] We do not find the fact that plaintiff is not a party to the state action determinative in this case. The point of plaintiff's action in this court is to avoid having to participate in the state court case.

Adding our opinion to those of the state court in this case would make the matter unnecessarily more complex. We could not rule on the issues in this case and promote the principle of judicial efficiency.

Accordingly, we find that our interest in comity and respect for the judgments of state courts compels us to use our discretion to decline to exercise jurisdiction in this case. See id. (holding that "[t]he state's interest in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum. When the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts."). An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICTORIA SELECT INSURANCE COMPANY,** | : | No. 3:06cv1938 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| **DELIA R. ESGRO, Individually and as Administratrix of the Estate of Francis D. Esgro, Jr., NICHOLAS ANDREW ESGRO, ANTHONY FRANCIS ESGRO, ANTHONY JOSEPH ESGRO, and MICHELE ESGRO,** | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW,** to wit, this 2nd day of February 2007, the defendant's motion to dismiss (Doc. 8) is hereby **GRANTED**. The Clerk of Court is directed to close the case.

BY THE COURT:

**s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**